**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO: 3:11-CR-00287-MOC**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **THOMAS LAVON SMITH, JR.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Judicial Recommendation that the Defendant Spend the Last Twelve Months of his Sentence at a Residential Re-Entry Center (RRC) or Halfway House Placement (#59). On November 7, 2011, Defendant pleaded guilty to one count of conspiring to distribute and possess with intent to distribute more than one thousand kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). Thereafter, based on substantial assistance to the Government, the Court imposed a below-Guidelines sentence of 168 months' imprisonment and recommended that the Bureau of Prisons allow Defendant to participate in any available educational and vocational opportunities. (#35–36). Now, Defendant requests a judicial recommendation that the Bureau place him within a Residential Re-Entry Center for the last twelve months of his sentence.

The Second Chance Act of 2007 provides that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "may designate any penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). In choosing a facility, the Bureau may consider "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence of imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." Id. Several courts, including this one, have held this Act authorizes courts to issue non-binding, strictly

advisory placement recommendations.  See United States v. Patterson, No. 2:00-CR-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019); United States v. Ferguson, No. 6:16-CR-00707-JMC-8, 2018 WL 5095149, at *3 (D.S.C. Oct. 19, 2018); United States v. Cabble, No. 3:09-CR-00084-MOC, 2018 WL 4628324, at *1 (W.D.N.C. Sept. 27, 2018).

Defendant's evidence suggests he has made commendable efforts to improve himself while incarcerated.  For example, Defendant submitted a transcript showing he has completed courses in occupational development, health and nutrition, culinary arts, and barbering, the last of which is a career he plans to pursue after release. (#59 at 5).  Still, the Court does not have Defendant's entire record.  Thus, to the extent this transcript is commensurate with the remainder of Defendant's record, the Court again recommends allowing Defendant to pursue vocational opportunities, including placement in a Re-Entry Center.  Still, the Court emphasizes its recommendation is not binding; it is the Bureau of Prisons, not the Court, that is uniquely qualified to determine whether a re-entry program is appropriate for incarcerated persons.  See Cabble, 2019 WL 4628324, at *2.

**ORDER**

**IT IS, THEREFORE, ORDERED** that on Defendant's Motion for Judicial Recommendation (#59) is **GRANTED**.  Thus, to the extent that Defendant's full record demonstrates he has made efforts to improve himself while incarcerated, the Court **RECOMMENDS** Defendant be placed in a Residential Re-Entry Center.

Signed: January 13, 2020

Max O. Cogburn Jr.
United States District Judge